IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BOLIN CONSTRUCTION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| ESSEX INSURANCE COMPANY, and | § | |
| SONORA INSURANCE GROUP, L.L.C. | § | |
| Defendants. | § | |

## DEFENDANT ESSEX INSURANCE COMPANY'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Essex Insurance Company ("Essex") files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

## I.     FACTUAL BACKGROUND

1.     This civil action arises out of Plaintiff Bolin Construction, Inc.'s ("Bolin") claim for defense under a general liability insurance policy issued by Essex.  Bolin is currently a named defendant in underlying state court litigation styled as Case No. CV51028; *BICO Drilling Tools, Inc. et Bolin Construction, Inc., et al*; In the 385th Judicial District Court  of Midland County, Texas ("the Underlying Litigation").  Essex has denied a duty to Plaintiff in the Underlying Litigation.

2.     Bolin commenced this civil action against Essex in state court on or about May 25 25, 2016. Essex first received notice of Plaintiff's Original Petition (the "Petition") on May 31, 2016.

## II.     BASIS FOR REMOVAL

3.     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

### A.     There is Complete Diversity of Citizenship

4.     In its Original Petition, Bolin acknowledges that it is a Texas corporation with its headquarters located in Mitchell County, Texas. (Pl.'s Orig. Pet. at ¶ 3).

5.     Essex is, and was at the time the lawsuit was filed, incorporated under the laws of the State of Delaware, with its principal place of business in Glen Allen, Virginia.

6.     Upon information and belief, Defendant Sonora Insurance Group, L.L.C. ("Sonora") is a limited liability company existing under the laws of the State of Texas; however, it has been improperly joined.

### B.     Sonora Has Been Improperly Joined

7.     A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Essex would show that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*.  385 F.3d at 573.

8.     The Fifth Circuit also recently clarified a previous ambiguity in whether the Court should employ state court or federal court pleading standards in this analysis.  In *International Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, the Fifth Circuit recognized and clarified the confusion by ruling:

> The *Smallwood* opinion instructs us to apply the Rule 12(b)(6)-type analysis, which must mean the entirety of that analysis. **Because that analysis is inseparable from the federal pleading standard, this is an instruction to apply the federal pleading standard.**

*Id.* at *7.  (emphasis added).  Thus, federal pleading standards apply to this analysis, not Texas state court standards.  When these standards are applied, it is evident that Bolin has improperly joined Sonora.

9.       First, several of Bolin's claims against Sonora cannot exist as a matter of law.  The Fifth Circuit has ruled on a virtually identical series of facts and held that an insurance agent, such as Sonora, cannot be liable for breaches of insurance contracts because they are not a party to the contract.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).  The same is true for claims of violations of the duty of good faith and fair dealing since those duties stem directly from a contractual relationship.  *Id.* at 701.  Accordingly, those claims should be dismissed.

10.       Next, Bolin's remaining claims against Sonora are for various violations of the DTPA, but those claims also fail because they are not based on any factual allegations.  Instead, Bolin's Petition merely recites various provisions of the "Laundry List" provided by the DTPA.  Multiple Texas courts have held that simply regurgitating statutory language and elements of causes of action is insufficient. *See, e.g., Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *5 (N.D. Tex. Mar. 11, 2016); *DeCluette v. State Farm Lloyds*, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex. Feb. 19, 2013).  As Bolin's Petition does not allege any facts to support a DTPA claim against Sonora, and because it simply recites statutory provisions, those claims fail and should be dismissed.

11.       Indeed, the only facts alleged in Plaintiff's Original Petition are improperly asserted against "Defendants" in the plural, instead of against a specific defendant.  That type of practice has already been considered and rejected by Northern District courts.  *Merritt Buffalo Events Ctr. LLC*,

2016 WL 931217; *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A, 2014 WL 10536950 (N.D. Tex. Sept. 25, 2014) ("[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."). The lackluster allegations asserted against Sonora show that it has been improperly joined for purposes of diversity jurisdiction.

**C.      The Amount in Controversy Exceeds Jurisdictional Requirements.**

12.      This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00.   In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges that Essex is liable for breach of contract, bad faith, and DTPA violations.  It also seeks actual, punitive, exemplary, and statutory damages over $250,000. (Pl.'s Orig. Pet. at ¶ 16).   Thus, the amount in controversy clearly exceeds $75,000.

13.      Accordingly, by virtue of diversity of citizenship, the United States District Courts have jurisdiction.

**D.      Removal is Procedurally Correct.**

14.      Plaintiff commenced this civil action against Essex in state court on or about May 25, 2016. Essex first received notice of Plaintiff's Original Petition (the "Petition") on May 31,

2016. Essex is filing this Notice within the 30 day time period required by 28 U.S.C. §1446(b) and within a year of the date suit was first filed in state court.

15.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

16.     Pursuant to 28 U.S.C.§1446(a), attached hereto is the Index of Matters Being Filed that clearly identifies each document and indicates the date the document was filed in state court.  Attached is a copy of the docket sheet, and all documents filed in the state court action as identified on the Index of State Court Documents.

17.     Pursuant to 28 U.S.C. §1446(d), promptly after Essex files this Notice, written notice of the filing will be given to Plaintiff.

18.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Midland County District Court after Essex files this Notice.

19.     Consent of an improperly joined defendant is not necessary for removal.  *See Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 1993).

### III.     <u>CONCLUSION</u>

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Essex Insurance Company hereby removes this case to this Court for trial and determination.

2478192v1
03258.173

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ *Jamie R. Carsey*
    Jamie R. Carsey
    Texas State Bar No. 24045620
    *E-Mail: jcarsey@thompsoncoe.com*
    Christopher H. Avery
    Texas State Bar No. 24069321
    *E-Mail: cavery@thompsoncoe.com*
One Riverway, Suite 1400
Houston, Texas   77056
(713) 403-8209  Telephone
(713) 403-8299  Facsimile
**COUNSEL FOR DEFENDANT**
**ESSEX INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 30th day of June, 2016, a true and correct copy of the foregoing was delivered to counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure:

Mr. Michael Hall
The Hall Law Firm
P.O. Box 168
199 East Third Street
Sweetwater, Texas 79556
***Counsel for Plaintiff***
***Bolin Construction, L.L.C.***

    /s/ *Christopher H. Avery*
    Christopher H. Avery

6