Filed 5/25/2016 9:00:30 AM
Belinda Blassingame
District Clerk
Mitchell County, Texas

Belinda Blassingame

CAUSE NO. 16732

| | | |
|---|---|---|
| **BOLIN CONSTRUCTION, INC.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **32nd JUDICIAL DISTRICT** |
| | § | |
| **ESSEX INSURANCE CO. AND** | § | |
| **SONORA INSURANCE GROUP,** | § | |
| **L.L.C.,** | § | |
| **Defendant.** | § | **MITCHELL COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff, Bolin Construction, Inc. (hereinafter referred to as "Plaintiff" or "Bolin"), files this original petition complaining of Essex Insurance Co. ("Essex"), and Sonora Insurance Group ("Sonora"), Defendants (hereinafter collectively referred to as "Defendants"), and respectfully shows as follows:

### I.   DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

1. Plaintiff intends to conduct discovery in this action under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

2. The damages sought are within the jurisdictional limits of this Court, and Plaintiff seeks monetary relief over $1,000,000.

### II.   PARTIES

3. Plaintiff Bolin Construction, Inc. is a corporation formed and existing under the laws of the State of Texas, with its principal place of business in Colorado City, Mitchell County, Texas.

4. Defendant Essex Insurance Co. is a Delaware corporation, with its principal place of business in Wilmington, New Castle County, Delaware. It may be served with process by delivering

**EXHIBIT C**

citation and a copy of this Petition via certified mail, return receipt requested, to the Secretary, Legal Department, Market Midwest, Ten Parkway North, Deerfield, Illinois 60015.

5.  Defendant Sonora Insurance Group, L.L.C. is a limited liability corporation formed and existing under the laws of the State of Texas, with its principal place of business in Boerne, Kendall County, Texas. It may be served with process by delivering citation and a copy of this Petition to its Registered Agent, Capitol Corporate Services, Inc. at 800 Brazos, Suite 400, Austin, Texas 78701.

### III.   JURISDICTION AND VENUE

6.  Jurisdiction is proper based upon the amount in controversy, which is in excess of the minimum jurisdictional limits of this Court, and the nature of the wrongdoing for which relief is sought all of which occurred in this jurisdiction.

7.  Venue is proper in Mitchell County, Texas under Section 15.002 of the Texas Civil Practice and Remedies Code and Section 17.56 of the Texas Business and Commerce Code, as all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Mitchell County, Texas.

### IV.   FACTUAL BACKGROUND

8.  On August 27, 2013, Plaintiff obtained a Commercial General Liability policy bearing policy number MAP00003474 ("Policy I") to extend through August 27, 2014, and a Commercial General Liability policy bearing policy number MAP00008176 ("Policy II") to extend through August 27, 2015. Hereinafter, Policy I and Policy II may be referred to as the "Policies."

9.  The policies name Bolin Construction, Inc. as the insured, Sonora Insurance Group, L.L.C. as agent, and Essex Insurance Company as the insurer.

10. The Policies were obtained to insure Plaintiff against certain liabilities in connection with

Plaintiff's business, in which defendant agreed to pay, on behalf of Plaintiff, to the extent of the limits specified, all sums which Plaintiff should become legally obligated to pay as damages resulting from accidental injury to or destruction of property occurring during the policy period and arising out of the business of Plaintiff. Pursuant to the policy, Defendants also agreed to defend any suit against Plaintiff alleging injury or destruction arising out of Plaintiff's business operations and seeking damages on account.

11. On February 6, 2015, while the above referenced policy was in full force and effect, BICO Drilling Tools, Inc. ("BICO"), filed a suit asserting a liability claim against Plaintiff that, if true, would be covered by Plaintiff's insurance policy with defendants. This action was designated "*BICO Drilling Tools, Inc. v. Bolin Construction, Inc., Mike Tyler, Individually and d/b/a Crane Tech, Toland Smith Construction, Inc.*, Case No. CV51028 in the 385[th] Judicial District of Midland County, Texas.

12. Plaintiff provided proper notice of the liability suit referenced above to Defendants pursuant to the terms of the insurance policy.

13. After receiving notice, Defendants denied coverage and refused to defend the liability suit filed by BICO against Plaintiff.

## V.   CAUSES OF ACTION

### a.  Breach of Contract

14. Plaintiff, the insured, entered into a contract with Defendants, insurers, in which Defendants agreed to defend Plaintiff against any claim within the scope of coverage, and indemnify Plaintiff for any damages awarded against Plaintiff.

15. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

16. Defendants' failure to defend the suit filed against Plaintiff by BICO was a breach of its express

or implied contractual promises provided in the insurance contract.

17. As a result of Defendants' failure and refusal to defend the suit filed by BICO, in order to protect its interests, it became necessary for Plaintiff to employ its own attorneys to investigate and defend against the claims and demands made in the suit.

18. The loss and claim by BICO, the lawsuit arising from it, and the expense of investigation and defense relating, are all within the protection afforded to Plaintiff under the insurance policy and Plaintiff has performed all conditions required under the policy.

19. Defendants breached the contract by refusing to defend the suit brought by BICO against Plaintiff.

20. As a result of Defendants' breach of their legal duties, Plaintiff suffered damages within the jurisdictional limits of this court.

**b. Breach of Duty of Good Faith and Fair Dealing**

21. Defendants owed Plaintiff a duty of good faith and fair dealing based on their special relationship as insurer and insured.

22. On or about February 6, 2015, while the Policy was in full force and effect, BICO filed suit against Plaintiff.

23. On March 2, 2015, Defendants denied coverage and refused to defend the claims brought by BICO against Plaintiff.

24. Defendants breached their duty to deal fairly and in good faith with Plaintiff in the processing of its claim by refusing to properly investigate the claim and denying the duty to defend and other benefits under the Policy. Defendants knew or should have known that there was no reasonable basis for denying Plaintiff's claim.

25. As a result of Defendants' breach of their duty to deal fairly and in good faith, Plaintiff suffered

damages within the jurisdictional limits of this court.

### c. Texas Deceptive Trade Practices-Consumer Protection Act "DTPA"

26. Defendants' conduct has violated the Texas Deceptive Trade Practices Act-Consumer Protection Act ("DTPA"). Plaintiff's cause of action under the Texas DTPA against Defendants is based on the use or employment by Defendants of an act or practice in violation of chapter 541 of the Texas Insurance Code, which was a producing cause of Plaintiff's damages.

27. Specifically, Defendants' acts or practices violated Texas Insurance Code chapter 541, subchapter B by the following:

    a. Making, issuing, circulating, or causing to be made, issued, or circulated any estimate, illustration, circular, or statement misrepresenting the terms of the Policy and the benefits or advantages promised by the Policy;

    b. Misrepresentations and false advertising of a policy contract;

    c. Misrepresenting to Plaintiff a material fact or policy provision relating to the coverage under the Policy;

    d. Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim; and

    e. Refusing to pay a claim without conducting a reasonable investigation of a claim.

28. All conditions precedent to Defendants' performance under the Policy have occurred or been performed.

29. As a result of Defendants' breach of their legal duties, Plaintiff suffered damages within the jurisdictional limits of this court.

## VI.    DAMAGES

30. Defendants' acts or practices were a producing cause of injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

31. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practices & Remedies Code section 41.003(a).

32. Defendants engaged in the foregoing conduct knowingly and intentionally.

33. As a result of Defendants' knowing conduct, Plaintiff has suffered economic damages in the form of lost profits, lost revenues, lost income, and out-of-pocket expenses in an amount not less than the minimum jurisdictional limits of this Court.

34. As a result of Defendants' knowing and intentional conduct, Plaintiff is entitled to recover additional damages in an amount not less than the maximum amount permitted by applicable law based on the allegation of actual damages above.

35. Pursuant to Section 17.50(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover its reasonable and necessary attorneys' fees and costs associated with prosecuting this action.

## VII.    DECLARATORY RELIEF

36. On August 27, 2013, Plaintiff obtained a Commercial General Liability policy bearing policy number MAP00003474 ("Policy I") to extend through August 27, 2014, and a Commercial General Liability policy bearing policy number MAP00008176 ("Policy II") to extend through August 27, 2015.

37. The policies covered the insured for bodily injury and property damage claims arising out of accidents to the extent of the policy limits and subject to all terms and conditions of the policy.

The policy limits are $1,000,000.00 per occurrence limit of liability and a $2,000,000.00 aggregate limit of liability.

38. BICO filed its lawsuit against Plaintiff on February 6, 2015 asserting a liability claim that, if true, would be covered under the policy. Plaintiff provided Defendants with proper notice of the lawsuit as required by the policy. On March 2, 2015, Defendants denied coverage and refused to defend the claims brought by BICO against Plaintiff.

39. To date, Defendants have refused to defend or indemnify Plaintiff, even though Plaintiff gave Defendants proper notice of the lawsuit filed against Plaintiff as required by the policy.

40. Plaintiff was prejudiced by Defendants' failure to defend or indemnify under the policy, in that Plaintiff was obligated to retain an attorney to defend Plaintiff in the lawsuit filed by BICO.

41. There is a justiciable controversy between the parties involved in this action due to the questions concerning duty to defend and duty to indemnify as they relate to the underlying action and the policy.

42. Plaintiff has retained counsel to represent Plaintiff in this action and has agreed to pay reasonable and necessary attorney's fees. An award of reasonable and necessary costs and attorney's fees to Plaintiff would be equitable and just, and is therefore requested and authorized under Texas Civil Practices & Remedies Code section 37.009.

### VIII.   JURY DEMAND

Plaintiff hereby requests trial by jury.

### IX.   PRAYER

Therefore, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final hearing, the Court award Plaintiff:

1. The Court adjudicate and declare that Defendants had the duty to defend or duty to indemnify Plaintiff in the lawsuit filed by BICO against Plaintiff;

2. Economic damages in an amount not less than the minimum jurisdictional limit of this Court;

3. Mental anguish damages in an amount not than less the minimum jurisdictional limit of this Court;

4. Additional damages in an amount not less than the maximum amount permitted by applicable law based on the allegation of actual damages above;

5. Reasonable and necessary attorneys' fees, equal to forty percent of the total of actual and additional/exemplary damages awarded to Plaintiff;

6. Pre-judgment interest at the maximum rate of interest permitted by law;

7. Costs of suit;

8. Post-judgment interest, at the legal rate; and

9. Such other relief to which Plaintiff may be entitled.


Respectfully submitted,

THE HALL LAW FIRM

By: _____
Michael Hall
Texas Bar No. 24057881
P.O. Box 168
119 East Third Street
Sweetwater, Texas 79556
Tel. (325) 235-4345
Fax. (325) 235-4348
Attorney for Plaintiff, Bolin Construction, L.L.C.

# CITATION

## THE STATE OF TEXAS

**SERVE THIS COPY**

**Notice to Defendant: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by l0:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**TO: ESSEX INSURANCE CO., a Delaware corporation, Secretary, Legal Department, Market Midwest, Ten Parkway North, Deerfield, Illinois 60015,** Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the honorable 32nd District Court of Mitchell County, Texas, at the courthouse of said county in Colorado City, Texas.

Said Plaintiff's Original Petition was filed in said court by Michael Hall, attorney for Plaintiff, whose address is P.O. Box 168, 119 East Third Street, Sweetwater, Texas 79556, on the 25th day of May, 2016, in this case numbered **16,732** on the docket of said court and styled **BOLIN CONSTRUCTION, INC., Plaintiff vs. ESSEX INSURANCE CO. AND SONORA INSURANCE GROUP, L.L.C., Defendant.**

The nature of Plaintiff's demand is fully shown by a copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Colorado City, Texas, this 26th day of May, 2016.

Belinda Blassingame, District Clerk
349 Oak, Room 302
Colorado City, TX 79512

## CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 26th day of May, 2016, I mailed to ESSEX INSURANCE CO. by certified mail, return receipt requested, a true copy of this citation with a copy of Plaintiff's Original Petition attached thereto in Cause No. 16,732, Bolin Construction, Inc., Plaintiff, vs. Essex Insurance Co. and Sonora Insurance Group, L.L.C., Defendant, filed on May 25, 2106, in the 32nd District Court of Mitchell County, Texas.

Belinda Blassingame, District Clerk

RECEIVED

MAY 31 2016

LAW DEPT.



**District Clerk**
Mitchell County
349 Oak Street, Room 302
Colorado City, Texas 79512



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7015 1520 0003 2743 0075





U.S. POSTAGE
COLORADO CITY, TX
79512
MAY 25 16
AMOUNT
**$6.68**
R2306E124371-03

Essex Insurance Co.
Secretary - Legal Department
Market Midwest
Ten Parkway North
Deerfield, IL 60015

6001532526 C044